UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRON J. MURPHY SR., | |
|    Petitioner, | |
|         v. | Civil No. 16-cv-694-JPG |
| UNITED STATES OF AMERICA, | Criminal No 03-cr-30137-JPG |
|    Respondent. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Darron J. Murphy Sr.'s ("Murphy") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).  In April 2004, now-retired District Judge G. Patrick Murphy sentenced Murphy for several crimes involving intimidation of a witness, drugs or firearms.  Judge Murphy sentenced him to serve 235 months in prison followed by eight years of supervised release.  This sentence was reduced to 168 months due to retroactive amendments to the United States Sentencing Guidelines.  Murphy completed his term of incarceration and began his term of supervised release on October 30, 2015.

Three days later, Murphy tested positive for cocaine use.  A month after that, he again tested positive for cocaine.  The day after his second positive test, he is alleged to have committed the state law offense of battery.  The Government sought to revoke his supervised release on the basis of these three instances.  On December 14, 2015, this Court issued a warrant for Murphy's arrest.  He was arrested and brought before Magistrate Judge Donald G. Wilkerson on January 5, 2016**,** for an initial appearance on the petition to revoke.  At that hearing, Magistrate Judge Wilkerson appointed Murphy counsel, confirmed that he had reviewed the petition to revoke with counsel, advised him of the allegations in the petition and the possible penalties, and advised him of his constitutional rights in connection with the revocation proceedings (Doc. 203).  The Court

further found that Murphy had knowingly and voluntarily waived his right to a preliminary hearing and that there was probable cause to support the petition to revoke (Doc. 203).

On January 20, 2016, the Court held a revocation hearing at which Murphy admitted the drug possession allegations in the petition. The Court granted the motion to revoke Murphy's supervised release and used its discretion to sentenced him to serve 21 months in prison rather than to a substance abuse treatment program. Murphy argues that the Court erred in the sentence it chose for his supervision revocation. Specifically, he claims that a sentence of prison is not available for a failed drug test until the third failed test, so he should not have been sentenced to a prison term at all. He further argues that his possession violations were Grade C violations rather than Grade B violations, as the Court found, because, under Illinois law, simple possession of a controlled substance is not punishable by more than one year in prison.[1] He therefore believes that, if any prison term was to be imposed, it should have been within the range of 8 to 14 months, the sentencing range for a Grade C violation for someone with Murphy's criminal history. He also complains that he did not receive any notice of his supervised release violation.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has determined that it is plain from the motion and the record of the prior proceedings that the petitioner is not entitled to relief.

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[r]elief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or

---

[1] Possession of cocaine is a felony punishable by more than a year under Illinois state law, *see* 720 ILCS 570/402, and a felony offense is a Grade B violation unless it is a crime of violence, a drug trafficking offense or involves a firearm or a destructive device, in which case it is a more serious Grade A violation. See U.S.S.G. § 7B1.1(a)(1) & (2).

2

jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013)), *cert. denied*, 135 S. Ct. 1574 (2015). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

All of the alleged sentencing errors contained in Murphy's § 2255 motion are nonconstitutional issues that should have been raised on direct appeal rather than in a § 2255 motion. A § 2255 motion does not substitute for a direct appeal. A defendant cannot raise in a § 2255 motion nonconstitutional issues that he failed to raise on direct appeal. *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009); *Lanier v. United States*, 220 F.3d 833, 842 (7th Cir. 2000).

To the extent Murphy raises a due process question because he did not timely receive notice of his alleged supervised release violations, that claim is belied by the record. The record shows that Magistrate Judge Wilkerson held an initial appearance on the revocation petition on January 5, 2016, at which time he advised Murphy of the alleged violations of the conditions of supervised release and the possible penalties for those violations. Counsel was appointed, and Murphy confirmed he had discussed the allegations with counsel before the initial appearance. In addition, at the January 20, 2016, revocation hearing, the Court confirmed that Murphy had reviewed the revocation petition with his counsel. The Court also advised Murphy of the allegations against him and the possible punishment for each violation before Murphy admitted the drug allegations. This is all the notice to which Murphy was entitled.

For the foregoing reasons, the Court finds Murphy is not entitled to relief under § 2255.

The Court further declines to issue a certificate of appealability.  Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001).  To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Tennard*, 542 U.S. at 282; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability should issue if the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). To make such a showing where the Court denies relief on procedural grounds, the petitioner must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484 (emphasis added); *accord Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012).  Disputes about procedural or statutory issues in a case cannot justify a certificate of appealability unless "a substantial constitutional issue lurks in the background, and the statutory question is independently substantial."  *Ramunno v. United States*, 264 F.3d 723, 725 (7th Cir. 2001) (question of a petition's timeliness) (citing *Slack*, 529 U.S. at 483-85).  The Court finds that Murphy has not made the required showing and, accordingly, declines to issue a certificate of appealability.

Accordingly, the Court:

- **DENIES** Murphy's § 2255 motion (Doc. 1);

- **DECLINES** to issue a certificate of appealability; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   January 25, 2017**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
